UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 15-291 |
| MICAH WILLIAMS | SECTION I |

### ORDER & REASONS

Defendant Micah Williams ("Williams") has filed a motion for appointment of legal counsel "to represent him in his reply to [the government's] oppositional brief against compassionate release."[1] Williams asserts that he should be appointed counsel because his "access to legal material and law research resources are limited" because the facility at which he is incarcerated, FCI Yazoo City Low, is "on lockdown status to prevent the spread of the deadly COVID-19 disease."[2] The motion for appointment of counsel is denied for the following reason.

### I.

There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). In the context of 18 U.S.C. § 3582(c)(2) motions, which are analogous to compassionate release motions pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) like Williams, "the Fifth Circuit has held that defendants have no statutory or constitutional right to counsel." *United*

---

[1] R. Doc. No. 74, at 2.
[2] *Id.*

States v. Joseph, No. 15-307, 2020 WL 3128845, at *1 (E.D. La. June 12, 2020) (Vance, J.) (citing *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995); *United States v. Moore*, 400 F. App'x 851, 852 (5th Cir. 2010) (per curiam)).

"Although a defendant in a § 3582(c) motion does not have a statutory or constitutional right to appointment of counsel, the Court may appoint counsel in the interest of justice." *United States v. Mogan*, No. 14-040, 2020 WL 2558216, at *4 n.29 (E.D. La. May 20, 2020) (Morgan, J.) (quoting *United States v. Rodriguez*, No. 10-17, 2015 WL 13664966, at *2 (S.D. Tex. Aug. 20, 2015) (citing *United States v. Robinson*, 542 F.3d 1045, 1051–52 (5th Cir. 2008))); *see also* 18 U.S.C. § 3006A(a)(2) (allowing appointment of counsel under certain circumstances when "the court determines that the interests of justice so require"). The interests of justice do not require that counsel be appointed where a "[defendant's] . . . motion d[oes] not involve complicated or unresolved issues" or where a defendant proves capable of representing himself *pro se*. *See Joseph*, 2020 WL at *2 (quoting *Moore*, 400 F. App'x at 852 (addressing a § 3582(c)(2) motion on appeal)) (internal citation and alterations omitted);

The interests of justice do not require that the Court appoint counsel for Williams. The motion at issue is not complex, *see United States v. Drayton*, No. 10-20018, 2020 WL 2572402, at *1 (D. Kan. May 21, 2020) ("[A] claim for compassionate release is not particularly complex factually or legally."), and Williams has proven fully capable of representing himself *pro se*.[3] *See United States v. Delco*, No. 09-57,

---

[3] *See* R. Doc. Nos. 64 & 68 (providing cogent arguments seeking compassionate release).

2020 WL 4569670, at *2–3 (E.D. La. Aug. 7, 2020) (Ashe, J.) (declining to appoint counsel to a defendant seeking compassionate release, observing that there was "[no] . . . indication" that the defendant, who had submitted a twenty-two page brief, was "incapable of adequately presenting his motion pro se."); see also *United States v. Hames*, No. 09-39, 2020 WL 3415009, at *1 (E.D. Tex. June 19, 2020) (denying appointment of counsel for defendant seeking compassionate release who submitted a well-reasoned, albeit ultimately unsuccessful brief, and provided no basis to suggest that appointment of counsel would help him obtain relief).

## II.

Accordingly,

**IT IS ORDERED** that Williams' motion for the appointment of counsel is **DENIED**.

New Orleans, Louisiana, August 24, 2020.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**